ALEXANDER M. CONWAY, Appellant, v. EDWARD O. CARPENTER, Respondent.

*Termination of the lease of a church — forcible removal of the pastor.*

When the termination of the lease of a church is uncertain, its determination is no justification for the forcible removal of the pastor of the church, who has had no notice of the determination of such lease, from the pulpit and his expulsion from the church edifice. (DYKMAN, J., dissenting.)

APPEAL by the plaintiff, Alexander M. Conway, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 17th day of June, 1893, upon a dismissal of the complaint at the Westchester Circuit.

The action was brought to recover $10,000 damages for injuries to the plaintiff's person and dignity.

*William Riley*, for the appellant.

*James M. Hunt*, for the respondent.

BARNARD, P. J.:

The plaintiff is a minister of the gospel. On the 6th of March, 1892, he was attached as minister to the Messiah Baptist Church of Yonkers. The church edifice did not belong to the Messiah Baptist Church, but was held under a lease from the owner, the Warburton

Avenue Baptist Church, at a nominal rent. There was a clause in this lease that if there should arise any serious disagreement in the Messiah congregation, the landlord might forthwith re-enter. The plaintiff, on the 6th of March, 1892, on Sunday, went to the Messiah Church to preach. One worshipper entered with the pastor upon his going into church or soon after; some one locked the door on the outside. The pastor began to preach to his small congregation, and suddenly, soon after he commenced, the door was unlocked and the pastor was forcibly removed from the pulpit and church, and put out of the edifice by the direction of the defendant, who was a trustee of the lessor church. The justification for the act is contained in a resolution passed on March 5, 1892, as follows : " In closing the Messiah Colored Baptist Church on Sunday last, on motion, it was resolved that the keys be returned to Mr. Pollard and that he have permission to open the house for religious purposes only, and in case of any disturbance he return the keys to Mr. E. O. Carpenter." Mr. Pollard was an officer in the Messiah Church, and he aided in the force used on the occasion. There was no proof of the surrender of the lease or of its termination, except by the resolution. There were no keys shown to have been in possession of the Warburton Church or of Mr. Pollard, and if such fact existed, no justification is thereby made for this violent assault on a pastor who had no notice of the fact that the Warburton Church had taken possession of the house of worship.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

DYKMAN, J. (dissenting) :

This action was commenced for the recovery of damages for assault and battery by the defendant upon the plaintiff.

The complaint of the plaintiff was dismissed at the Circuit, and he has appealed from the judgment.

The plaintiff is a minister of the gospel, and had been the pastor of the Messiah Baptist Church in the city of Yonkers in Westchester county, but he had resigned his charge in December, 1891, and his resignation was accepted.

On the 6th day of March, 1892, however, the plaintiff entered

the meeting house and commenced to preach a sermon from the pulpit therein.

The defendant was a member of the Warburton Avenue Baptist Church, the owner of the building, and received authority from the trustees of that church to protect the building and prevent the plaintiff from trespassing upon the premises.

In pursuance of such authority he went to the building with a policeman and found the plaintiff there and caused his removal, and that is the assault of which the plaintiff complains. Under this state of facts the plaintiff obviously has no cause of action. He was a trespasser and intruded himself into the church building without authority or right, and the defendant was authorized by its owner to remove him. In doing so no unnecessary force was exerted, and the defendant acted within his authority and rights.

The record discloses no error, and the judgment should be affirmed, with costs.

*Judgment reversed and new trial granted, costs to abide event.*