very few moments, and of which the defendant had no notice. Our conclusion is that the complaint was properly dismissed, and the judgment must be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

Abram Travis, Appellant, v. Robert Post, Respondent.—Judgment and order affirmed, with costs.—

PRATT, J.: This action was brought, apparently, and tried under those provisions of the Code relating to actions to compel the determination of claims to real estate. The parties own adjoining farms and the only claim litigated was as to the precise line on which the division fence ought to be located. The defendant denied that he made any unjust claim to any of the plaintiff's farm, and that was the issue submitted to the jury as was proper in this form of action. It seems the plaintiff had put up a fence and that the defendant took it down, claiming it encroached upon his land. Trespass would have been a better form of action, but the case having been tried under another form it must be determined as it is presented at the present time. The complaint did not describe the property which was said to be claimed by the defendant as prescribed in this form of action (Code, § 1511), but it really alleged acts of trespass. The case was submitted to the jury, as I have before stated, under a charge which was not excepted to, and the verdict must stand unless it appears that some error was committed upon the trial. The deeds of both parties coincided in their descriptions, but two surveyors, one on each side, disagreed as to a proper location of the lines according to the courses and distances stated in the deeds, and the jury had to grope their way through the fog of expert testimony. The plaintiff insists that the verdict is against the undisputed facts. This claim cannot avail him, as the defendant testified that he made no claim except that the fence was not located on the right line, and until the plaintiff established the fact that it was not located over upon the defendant's land it could not be said that defendant claimed any of the land of the plaintiff. The plaintiff makes no points in his brief upon any exception taken upon the trial, and I assume they are abandoned. Judgment affirmed, with costs. Brown, P. J., concurred; Dykman, J., not sitting.

John W. Hasbrouck and Another, Appellants, v. Silas H. Dickinson and Another, Respondents.—Judgment and order affirmed, with costs.—

PRATT, J.: We think this judgment should be affirmed. The appellants' points present simply the question whether or not the verdict was against the evidence or the weight of evidence. No other exception is pressed. We have examined the case carefully and are satisfied that the case was properly submitted to the jury because of conflicting evidence as to the location of the Wallace line—the starting point for the determination of the location of the strip claimed by plaintiffs. The issues were fairly put to the jury and the points of conflict of evidence so lucidly set forth in the charge that we entertain no doubt that the verdict was an intelligent finding upon the facts. Judgment and order denying motion for a new trial affirmed, with costs. Dykman, J., concurred; Brown, P. J., not voting.

Orazio Valenti and Another, Composing the Firm of Valenti & Priore, Respondents, v. Richard B. Constantine and Another, Appellants.—Judgment affirmed, with costs.—

PRATT, J.: We are of opinion that the referee's conclusions are sustained by the testimony. Not only was there considerable evidence that Constantine had personal no-

tice of the work done by the plaintiffs, but it seems pretty well established that the tenant had authority to make repairs. He made them for some years, and until the present instance his authority was never questioned. There are no exceptions that require notice, and judgment is affirmed, with costs. Brown, P. J., and Dykman, J., concurred.

Charles L. Littlewood, Appellant, v. W. H. Riley and Another, Respondents.— Judgment affirmed, with costs.—

PRATT, J.: The plaintiff's case depends entirely upon his own testimony. He is contradicted by two witnesses and the written instruments. Giving to his testimony full faith all that it established is that the minds of the parties did not meet. At most that would only authorize a rescission of the contract. That would not benefit the plaintiff. Judgment affirmed, with costs. Brown, P. J., and Dykman, J. concurred.

Frances J. Romaine v. Annie Decker.—Reargument ordered.

Alexander M. Conway, Respondent, v. Edward O. Carpenter, Appellant.—Judgment and order affirmed, with costs.—

89  607
155a 686

DYKMAN, J.: This is an appeal from a judgment entered upon a verdict in favor of the plaintiff after a trial at the Circuit, and from an order denying a motion for a new trial. The action has been tried three times with various results. On the first trial the complaint was dismissed, and upon the plaintiff's appeal judgment was reversed, and a new trial was granted. The second trial of the action was had in March, 1894, when the plaintiff obtained a verdict for $2,500. Upon the defendant's appeal to the General Term that judgment was reversed, and a new trial granted. The third trial of the action was had at the Westchester Circuit in September, 1894. A verdict was rendered in favor of the plaintiff, and judgment was thereupon entered, from which this appeal is taken. The plaintiff was a minister of the gospel, and while engaged in the performance of services in a church at Yonkers in March, 1882, it is alleged in the complaint that he was violently seized and taken from the pulpit with force and violence, and was thrown upon his back and dragged from the vestibule of the church into one of the public streets of Yonkers, by order and direction of the defendant. Upon the last trial, which resulted in a verdict for the plaintiff, the only question submitted to the jury was whether more force or violence was used against him than was necessary under the circumstances, the jury being charged that the defendant had the right to cause the removal of the plaintiff from the church in which he was engaged in holding services at the time. The charge of the trial judge to the jury was within the rule of law laid down by the General Term when the case was before it on the last occasion, and we are, therefore, concluded by the law as so laid down. The question of excessive force was plainly one for the jury. Whereas in this case there was testimony from which the jury might find that the force used was excessive, the question being thus properly submitted to the jury, and the verdict being in favor of the plaintiff, the rules of law applicable to the case having been heretofore settled, we find no cause for interference with the verdict, and the judgment should be affirmed, with costs. Pratt, J., concurred; Dykman, not voting.

Jeremiah Mead, Appellant, v. George W. Chase, Respondent.—Judgment affirmed, with costs.—

DYKMAN, J.: The plaintiff in this action alleges in his complaint that he made his